

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant State
Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-3857
Re: Validity of attempted consolida-
tion of two certain common school
districts.

Your letter of July 31, 1941, contains the letter
of Mr. C. S. Lindsey setting forth the following facts:

"Mt. Pisgah CSD No. 19 and Liberty CSD No. 30
petitioned the County Judge for an election for consolida-
tion of said districts. The election was ordered by the
County Judge, the date for both districts set for the
same day. Liberty held their election and it carried
for consolidation. Due to some error Mt. Pisgah did
not receive their election supplies, therefore did not
hold an election.

"The trustees of each district and a majority of
the qualified voters of each district petitioned the
County Board to consolidate said districts. The peti-
tion reads as follows: 'We, the trustees and patrons
who represent a majority of the qualified voters, ask
the County Board to consolidate our district, and our
signatures on this petition represents our vote for
consolidation.' The County Board did this grouping
under Article 2922a of the school law, and the election
for the assumption of bonds, equalization of taxes, and
voting of bonds was ordered by the County Judge on peti-
tion for each election by a majority of qualified voters
of said districts. These elections were held at the
proper time as ordered by the judge and all three issues
carried."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. M. Trimble, page 2

You request our opinion as to whether the district so consolidated is a valid one.

The dates of the above happenings are not given but it will be assumed that same took place subsequent to the passage of Article 2806a, Vernon's Annotated Civil Statutes, in 1935. Article 2922a, Vernon's Annotated Civil Statutes, referred to in the above information, relates to the establishment of rural high school districts, not to the consolidation of school districts. See County Board of School Trustees of Limestone County v. Wilson, 5 S.W. (2d) 805. While the above information is not clear as to the character of proceeding had or attempted we are led to believe that it was a consolidation of school districts which was attempted rather than the formation of a rural high school district. Article 2806, Revised Civil Statutes, which provides authority for the consolidation of such school districts, reads in part as follows:

"On the petition of twenty (20) or a majority of the legally qualified voters of each of several contiguous common school districts, or contiguous independent school districts, praying for the consolidation of such districts for school purposes, the County Judge shall issue an order for an election to be held on the same day in each such district. The County Judge shall give notice of the date of such elections by publication of the order in some newspaper published in the county for twenty (20) days prior to the date on which such elections are ordered, or by posting a notice of such elections in each of the districts, or by both such publication and posted notices. The Commissioners' Court shall at its next meeting canvass the returns of such elections, and if the votes cast in each and all districts show a majority in each district voting separately in favor of such consolidation, the Court shall declare the school districts consolidated."

From a reading of the above statute it appears that it is necessary that the election shall be held in each of the districts which is to be affected by the consolidation. Such election not having been held in the Mt. Pisgah District there has been no valid consolidation. The petition cannot take the place of an election. In the secrecy of the polls an elector may express himself differently from what he would do if presented with a petition to sign. Assuming that the action

attempted was a consolidation of school districts instead of the formation of a rural high school district, our opinion is that no valid consolidation has resulted. If the effort was to form a rural high school district and the various proceedings so reflect, we suggest that you so advise us in order that we may give you our opinion in view of such fact.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:AMM

APPROVED AUG 14, 1941

Acting ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN